**BRIAN D. BOURGOIN-TROTTIER**
10711 E. BRAMBLE AVE.,
MESA, AZ 85208
TELE:  480 232 8545

*SELF-REPRESENTATION*

popachubs @ *Gmoil.com*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| K-BEECH, INC., | *DBT* |
| | **CASE NO.  2:11-CV-01604-NVW** |
| Plaintiff, | **ORIGINIAL ANSWER OF** |
| | **BRIAN BOURGOIN-TROTTIER** |
| vs. | **TO AMENDED COMPLAINT** |
| | **OF PLAINTIFF** |
| GEORGE HERNANDEZ, SHANNA | |
| SHREIBER, RICHARD SAATHOFF, | **DEMAND FOR JURY TRIAL** |
| BRIAN TROTTIER, and CATHERINE | |
| VALDEZ | |
| Defendant. | |

COMES NOW BRIAN BOURGOIN-TROTTIER, in pro per, who was improperly named

herein and who, responding for himself alone alleges:

**Introduction**

1.   Defendant has insufficient information to ascertain whether this matter arises under the

United States Copyright Act of 1976, as amended, 17 U.S.C. §§ et seq. (the "Copyright

Act" ) and therefore, in an abundance of caution denies the existence of said fact.

2.   Defendant denies that through this suit, or any other that Defendant, Brian D. Bourgoin-

Trottier is liable for a violation of 17 U.S.C §§ 106 and 501 and further denies that

he has been contributory in infringing on Plaintiff's alleged copyright.  Defendant

2

asserts that Plaintiff has not alleged compliance with 17 U.S.C. §412 and as such has no statutory right to bring this lawsuit. Defendant further asserts that Plaintiff has joined unnecessary parties and has failed to join proper parties including the Registra of Copyrights to the Amended Complaint.

### Jurisdiction and Venue

3. Defendant denies that the U.S District Court has subject matter jurisdiction to determine issues arising under Federal law inasmuch as Plaintiff has failed to allege the existence of a valid registered copyright. Defendant further denies that there has been an infringement on patents, copyrights, trademarks and unfair competition. Defendant further asserts that because Plaintiff failed to pre-register or register a copyright on the alleged works that it is barred from bringing a civil action for infringement, pursuant to 17 U.S.C §412. Defendant therefore asserts that a lawsuit based upon infringement of a copyright and a request for attorney fees and statutory damages is premature. Further, Defendant asserts that the Registra of Copyrights should be named as a party to the Amended Complaint or in its absence, the Federal Court has jurisdiction to determine whether registration of the copyright occurred, was refused or ever applied for.

4. Defendant denies that responding party and the Defendants named in this lawsuit used an internet protocol as purportedly set forth in the illegible Exhibit A. Defendant further denies that he undertook any act that was a copyright infringement in concert with others as set forth in Exhibit A. Defendant further denies that this responding party infringed a copyright. Defendant alleges that Plaintiff did not register a copyright with the US

4

Copyright Office and gave no notice to others that the works as alleged were protected materials. Defendant admits that he resides within the District upon which this suit was brought and as such, the US District Court has personal jurisdiction to hear the claims and defenses as are alleged in the Amended Complaint and Answer thereto. Defendant denies that he engaged in any tortuous conduct, whether intentional or negligent as alleged in the Amended Complaint. If a copyright violation occurred, which Defendant denies, such occurrence was an innocent incident, fair use and no damages arise there from. Defendant further denies that he is engaged in any business activity whether continuous, systematic or otherwise. Defendant denies that he has contracted anywhere to supply goods or services in the State of Arizona. Defendant denies that he received, re-published, distributed, sold, transferred, leased, rented or displayed any materials allegedly protected as claimed by plaintiff, to the public or others.

5.  Defendant admits that Venue is proper pursuant to 28 U.S.C §1391(B) AND (C), but

denies that any acts, events or omissions whether substantial, as alleged or miniscule,

occurred or give rise to any claims as alleged or occurred in any District including

the District of Arizona.  Defendant resides in the District of Arizona.  Defendant

has insufficient knowledge to admit or deny who the remaining Defendants are or

to ascertain whether they reside in the jurisdiction where the claim is pending and

therefore, in an abundance of caution, denies the same.  Defendant is unaware of

whether any of the Defendants who are named in the Amended Complaint have agents

and has no knowledge whether the alleged agents, if any reside in the jurisdiction of the

District of Arizona or may be found in this District.

### Parties

6.  Defendant has insufficient information to determine whether Plaintiff is a corporation

organized and existing under the laws of the State of California, with a principal place of

business located as alleged.  Defendant asserts that Plaintiff's business is on the internet.

Defendant, in an abundance of caution therefore denies the allegations contained in

paragraph 6 of the Amended Complaint and further asserts that Defendant denies that

Plaintiff has perfected standing in the State of California and a right to initiate a lawsuit

as filed in the US District Court of Arizona.  Defendant denies that Plaintiff is the real

party in interest and further denies that Plaintiff has acquired copyright registration of

the works allegedly infringed upon by others.

7.  Defendant has insufficient information to determine whether this named Defendant

8

K-BEECH INC. V. GEORGE HERNANDEZ ET AL
ANSWER OF BRIAN D. BOURGOIN TROITTER AND DEMAND FOR JURY

is residing in Arizona inasmuch as this responding party has had no contact with the

named Defendants through internet communications, alleged participation in protocols

as set forth in the Amended Complaint, through correspondence, in person or otherwise.

Defendant therefore, in an abundance of caution denies the allegations as alleged and

asserts that the named Defendants  are  not proper parties and are otherwise misjoined

and strangers to the allegations involving this responding party as set forth  in the

Amended Complaint of Plaintiff.

8. Defendant has insufficient information to determine whether this named Defendant is residing in Arizona inasmuch as this responding party has had no contact with the named Defendant through internet communications, alleged participation in protocols as set forth in the Amended Complaint, through correspondence, in person or otherwise. Defendant therefore, in an abundance of caution denies the allegations as alleged and asserts that the named Defendant is misjoined and a stranger in the Amended Complaint of Plaintiff.

9. Defendant has insufficient information to determine whether this named Defendant is residing in Arizona inasmuch as this responding party has had no contact with the named Defendant through internet communications, alleged participation in protocols as set forth in the Amended Complaint, through correspondence, in person or otherwise. Defendant therefore, in an abundance of caution denies the allegations as alleged and asserts that the named Defendant is misjoined and a stranger in the Amended Complaint of Plaintiff.

10. Defendant has insufficient information to admit that he was formerly known as John Doe 13 in the Original Complaint of Plaintiff, and therefore denies the same. Defendant admits that he resides at the location as alleged in the Amended Complaint.

11. Defendant has insufficient information to determine whether this named Defendant is residing in Arizona inasmuch as this responding party has had no contact with the named Defendant through internet communications, alleged participation in protocols as set forth in the Amended Complaint, through correspondence, in person or otherwise.

8

Defendant therefore, in an abundance of caution denies the allegations as alleged and asserts that the named Defendant is misjoined and a stranger in the Amended Complaint of Plaintiff.

8

12. Defendant has insufficient information to ascertain how Defendant learned of the existence of Defendant's name and address; but asserts that the Amended Complaint is a sham orchestrated by Plaintiff to extort fees from Defendant as named herein.

13. Defendant has insufficient information to ascertain how Internet Services Providers assign internet numbers and therefore denies the truth of the allegation, but asserts that the paragraph is simply superfluous and should be stricken from the Amended Complaint as non relevant.

14. Defendant has insufficient information to ascertain how Internet Services Providers assign internet numbers and therefore denies the truth of the allegation.  Defendant asserts that the IP address simply enables the internet service provider to link to the equipment, which is used to access the internet and does not necessarily correlate to the "true identity" of the user or operator of the equipment.

## Joinder

15. Defendant denies that there is any factual connection to any of the parties identified in the Amended Complaint as Defendants.  This responding Defendant further asserts that the information contained in the Amended Complaint and Exhibits thereto allege different dates and times of "hits" and as such conclusively demonstrate that none of the Defendants named herein are remotely connected nor were operating in tandem as alleged in the Amended Complaint.  Defendant further denies that he knows any of the Defendants named herein or that he operated with them in any capacity to infringe upon Plaintiff's alleged copyright.  Defendant further denies that each of the Defendants

9

named herein is jointly and severally liable for infringing activities of each of the

other Defendants.  Defendant denies that the alleged infringement as claimed in the

Amended Complaint was a part of a series of transactions, involving the exact same

piece of Plaintiff's alledgedly copyrighted Work.  Defendant denies that he worked

in concert with each or any of the named Defendants in any capacity, at any time nor

in any manner had contact with said Defendants or infringed on an alleged copyright.

Defendant denies that there are common questions of law and fact and further denies

that the claims as alleged against each of the Defendants are identical.  Defendant further

denies that he used a BitTorrent protocol alone or with any of the named Defendants to

infringe on an alleged copyrighted work of Plaintiff.  Defendant asserts that Plaintiff's

pleading Exhibit A as alleged, is knowledge that the named Defendants are misjoined.

Defendant asserts that the others, named in the Amended Complaint and unknown to

this responding Defendant have only one allegation in common and that is that all reside

in the State of Arizona.  Defendant asserts that Plaintiff has misjoined strangers, with no

commonality other than State of residence and that there are neither common questions

of fact or law which enable Plaintiff to prosecute the Amended Complaint as a whole

with all named Defendants.

### Factual Background

16. Defendant has insufficient information to ascertain the existence of a copyright

application or existence of a copyright arising from an application for the video or

motion picture titled "Virgins 4" and therefore denies the existence of a copyright for

22

said video or motion picture.  Defendant asserts that Plaintiff intentionally attempted to confuse consumers in the market place by titling his work similar to a registered work of Steven Harding, which work was registered with the US Copyright Office in 1993 and 4 Virgins.  Defendant contends that in creating the title, Defendant intentionally mislead the public into viewing his work.  Defendant further contends that Plaintiff failed to register his copyright within the statutory period and as such the filing of a civil lawsuit for infringement is premature.

K-BEECH INC. V. GEORGE HERNANDEZ ET AL
ANSWER OF BRIAN D. BOURGOIN TROITTER AND DEMAND FOR JURY

17. Defendant has insufficient information regarding the truth of the allegation as set forth and therefore denies the truth and challenges the authenticity and veracity of said attachment Exhibit B.

18. Defendant has insufficient information regarding the truth of the allegation as set forth and therefore denies the same.

19. Defendant has insufficient information regarding the truth of the allegation as set forth and therefore denies the same.  Defendant denies that he used BitTorrent to Infringe on any copyrights including the alleged copyright of Plaintiff

20. Defendant has insufficient information to admit or deny whether any of the named defendants installed BitTorrent Client onto his or her computer and therefore denies the same.  Defendant further denies that he used BitTorrent to Infringe on any copyrights including the alleged copyright of Plaintiff.

21. Defendant has insufficient information to admit or deny whether any of the named defendants installed BitTorrent or Vuse Client onto his or her computer and therefore denies the same.  Defendant further denies that he used BitTorrent or Vuse to Infringe on any copyrights including the alleged copyright of Plaintiff.

22. Defendant has insufficient information to admit or deny whether any of the named defendants installed BitTorrent Client onto his or her computer and therefore denies the same.  Defendant further denies that he used BitTorrent to Infringe on any copyrights including the alleged copyright of Plaintiff.

23. Defendant has insufficient information to admit or deny how BitTorrent operates or

22

whether it is an interface used during the process of uploading and downloading data using any protocol and therefore denies the same.

22

24. Defendant has insufficient information to admit or deny how BitTorrent operates or whether any Defendants named herein used this process to upload and download data using any protocol and therefore denies the same.  Defendant denies that he uploaded the initial seed as alleged and divided it into identically sized groups as alleged or that he shared any computer file with any of the other Defendants named in the Amended Complaint on any date or time as set forth in Exhibit A.

25. Defendant denies that he uploaded the initial seed as alleged of registered copyrighted material and further denies that he divided it into identical sized groups as alleged or that he shared any computer file with any of the other Defendants named in the Amended Complaint on any date or time as set forth in Exhibit A.

26. Defendant denies that he gave any target computer file or uploaded the initial seed as alleged and divided it into identically sized groups as alleged or that he shared any computer file with any of the other Defendants named in the Amended Complaint on any date or time as set forth in Exhibit A.

27. Defendant has insufficient information to admit or deny how BitTorrent operates or whether it is an interface used during the process of uploading and downloading data using any protocol and therefore denies the same.  Defendant further denies that he received any computer data from the other Defendants as named herein, that he is aware of a 'hash" connected in any manner to the alleged copyrighted work of Plaintiff.

28. Defendant has insufficient information to admit or deny how BitTorrent operates or whether it is an interface used during the process of uploading and downloading data

22

using any protocol and therefore denies the information alleged in this paragraph.

22

29. Defendant has insufficient information to admit or deny how BitTorrent operates or whether it is an interface used during the process of uploading and downloading data using any protocol and therefore denies the information alleged in this paragraph.

30. Defendant has insufficient information to admit or deny how BitTorrent operates or whether it is an interface used during the process of uploading and downloading data using any protocol and therefore denies the information alleged in this paragraph.

31. Defendant has insufficient information to admit or deny how Torrent Sites operate or whether it is an interface used during the process of uploading and downloading data using any protocol and therefore denies the information alleged in this paragraph.

32.   Defendant has had no internet communication with the other named Defendants and as such has insufficient information to admit what they did, if anything at all.  Defendant denies that he went to a site and downloaded allegedly copyrighted work of Plaintiff. Defendant asserts that Plaintiff loaded material and data on the Torrent system solely for the purpose of enticing others to download the material in order to file a sham lawsuit against randomly selected IP addresses.

33. Defendant denies that he used BitTorrent to Infringe on any copyrights including the alleged copyright of Plaintiff

34. Defendant has insufficient information to admit or deny the truth of the allegation contained herein and therefore denies the same.

35. Defendant has insufficient information to admit or deny the truth of the allegation contained herein and therefore denies the same.

22

36. Defendant denies that he participated in a swarm with the other named Defendants or any others as alleged in the Amended Complaint.

37. Defendant denies that he participated in a swarm with the other named Defendants or any others as alleged in the Amended Complaint.

38. Defendant denies that he participated in a swarm with the other named Defendants or any others as alleged in the Amended Complaint.  Defendant further denies that he delivered "pieces" of the alleged copyright work of Plaintiff to the named Defendants or any others.

39. Defendant denies that he participated downloaded an file assembled by the other named Defendants or any others as alleged in the Amended Complaint.  Defendant further denies that he viewed the alleged copyrighted work of Plaintiff.

40.  Defendant has insufficient information to admit or deny the truth of the allegation as alleged herein and therefore denies the same.

41.  Defendant has insufficient information to admit or deny the truth of the allegation as alleged herein and therefore denies the same.

42.  Defendant has insufficient information to admit or deny the truth of the allegation as alleged herein and therefore denies the same.

43. Defendant has insufficient information to admit or deny the truth of the allegation as alleged herein and therefore denies the same.  Defendant further denies that he was a part of any series of transactions with the Defendants named herein and further denies that he copied a piece of copyrighted work as alleged by Plaintiff.  Defendant denies that

22

he engaged in any transactions as alleged on Exhibit A and further denies that Exhibit A is an accurate reflection of any activities or computer use as set forth in the Amended Complaint.

22

44. Defendant has insufficient information regarding the conduct of any named Defendant or their computer use to admit or deny the truth of the allegation as alleged herein and therefore denies the same.  Defendant denies that he was a part of a series of transactions with any of the Defendants named herein.

45. Defendant has insufficient information regarding the conduct of any named Defendant or their computer use to admit or deny the truth of the allegation as alleged herein and therefore denies the same.  Defendant denies that he was a part of a series of transactions with any of the Defendants named herein.

46. Defendant has insufficient information regarding the conduct of Plaintiff's agent or any named Defendant or their computer use to admit or deny the truth of the allegation as alleged herein and therefore denies the same.  Defendant denies that he was a part of a series of transactions with any of the Defendants named herein or that he received a fully playable digital motion picture of copyrighted materials as alleged in the Complaint.

47. Defendant denies the truth of the allegation.

48. Defendant has insufficient information to admit or deny the allegations as set forth herein, but believes that the attorney representing Plaintiff has engaged his services on a volume contingency basis.  Defendant denies that Plaintiff has an obligation to pay for services unless a recovery is obtained.

49. Defendant incorporates paragraphs 1 – 48 herein and denies the truth of allegations as set forth above.

50. Defendant has insufficient information to admit or deny the truth of the allegations

22

contained herein and therefore denies that any Registrations exists and further denies that the work is an original work of authorship.

22

51. Defendant denies that he used the BitTorrent protocol and BitTorrent Client as alleged or any of the processes involved as described in the Amended Complaint. Defendant further denies that he copied the constituent elements of any alleged registered work belonging to plaintiff or that Plaintiff had original work.

52. Defendant denies that Plaintiff failed to authorize, permit or consent to any copying of the alleged work. Defendant asserts that Plaintiff set a course of action in process to entice others to download materials from the internet purely for the purpose of initiating sham litigation in the hope of obtaining settlements instead of sales from the alleged work.

53. Defendant denies the truth of the allegation in this paragraph and further denies that any laws, including those alleged, were violated by Defendant. Defendant denies that he reproduced, distributed, re-distributed, sold by public or private sale, transferred ownership, rented, leased, loaned any alleged work claimed by Plaintiff. Defendant further denies that he performed the alleged copyrighted work in violation of any laws including those laws alleged in the Amended Complaint and further denies showing the alleged work images in any sequence and or by making sounds accompany the alleged work audible. Defendant denies transmitting said alleged performance of the work by means of any device or process to anyone including members of the public capable of receiving the display. Defendant denies displaying the alleged copyrighted work in violation of any law by showing individual images of the work non-sequentially and further denies transmitting any display of the alleged work by means of a device or

22

1    process to members of the public.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    22

28

54. Defendant denies that any infringement occurred or that Defendant took any act whether intentional, willful or negligent in violation of any law including the law alleged in the Amended Complaint.

55. Defendant denies that plaint has suffered any actual damage, real or imagined or that any claimed damages were actually or proximately caused by any defendants.  Defendant further denies that Plaintiff had sales, lost sales, suffered from a price erosion and diminution of the value of the alleged copyrighted work.

### **Affirmative Defenses**

56.   Defendant asserts that Plaintiff has failed to state facts upon which relief can be granted and;  therefore, the Amended Complaint in its entirety should be dismissed.

57. Defendant asserts that Plaintiff has not sold any products through internet sites, video retail nor commercial retail establishments and therefore has no damages including, but not limited to lost profits, erosion of sales or other harms which is claimed are damages.

58. Defendant asserts that Plaintiff is engaged in a litigation sham wherein Defendant has engaged in a national conspiracy to entice consumers to link into its website and the websites of others for the purpose of creating a trail which it can use to claim a violation of copyright laws for the purpose of forcing profits through litigation rather than earning profits legitimately in the marketplace.

59. Defendant asserts that Plaintiff has intentional misjoined non-related Defendants, whose only commonality is State of Residence and that Plaintiff has no information linking said Defendants to any common course of conduct with regard to internet usage or purported

27

1    downloads of internet materials.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27    27
28

60. Defendant asserts that Plaintiff had no actual copyright on any materials as alleged in the Amended Complaint and further asserts that the content of the material allegedly copyrighted is not an original work nor is it the product of any legitimate labor of Plaintiff.  Defendant further asserts that Plaintiff did not register the materials with the US Copyright Office which is a pre-requisite to filing a civil suit.

61. Defendant asserts that Plaintiff attempted to confuse the marketplace by utilizing the name "Virgin 4", which was substantially similar to "4 Virgins" which was initially copyrighted as a screenplay by Steven Harding in 1993.

62. Defendant asserts that Plaintiff failed to register his alleged work with the US Copyright Office and as such may not maintain a Federal lawsuit.

63. Defendant's failure to register the alleged work with the US Copyright Office precludes Plaintiff from any claim for attorney fees and statutory damages.

64. Defendant failed to attach a copy of the Certificate of Registration to the Amended Complaint and has attached only an unprocessed Application, without an indication of when and where the application for the copyright was sent or when, if at all, it was received by the US Copyright Office.

65. Defendant asserts that the Register of Copyrights in a proper party to this action to assist the Court in determining the "registrability" of the work which Plaintiff claims was infringed upon by others.

66. Pursuant to § 412 of the Copyright laws, Plaintiff is not entitled to statutory attorneys fees and damages inasmuch as the alleged copyrighted work was not preregistered

27

nor registered with the US Copyright Office within 2 months of the claim of initial

publication.

27

67. Defendant was not engaged in a commercial enterprise, did not copy, sell, lease, transfer, distribute or display any alleged material which Plaintiff claims was protected under the law for public or others.

68. Defendant did not impair the market for Plaintiff's allegedly protected works.

69. Defendant had no knowledge regarding the alleged copyright of Plaintiff's work.

70. Defendant did not work in concert with others in downloading and uploading material which was allegedly protected works of Plaintiff

71. Defendant did not publish allegedly protected work of Plaintiff.

72. In the event a trier of fact concludes that an infringement occurred, Defendant's conduct was an isolated incident, innocently made and as such, Plaintiff is owed no damages

73. Defendant asserts that Plaintiff failed to join an indispensible party and therefore the action must be dismissed.

74. Defendant asserts that Plaintiff joined unnecessary and non relevant parties and as such the case must be dismissed.

75. Defendant asserts that there are no common questions of fact or law between the parties thus joined in the Amended Complaint.

76. Defendant asserts that Plaintiff has not been damaged.

77. Defendant asserts that Plaintiff has not lost revenue in the market place as a result of the actions alleged in this Amended Complaint against these isolated named Defendants

78. Defendant asserts that no viewing of Plaintiff's work occurred, but asserts that if any inadvertent viewing of a part or the whole of Plaintiff's work occurred, it an isolated

27

incident, for the purpose of fair use an innocent occurrence which produced no damages to Plaintiff.

WHEREFORE Defendant requests that the Court:

A. Enter Judgment in his favor and against Plaintiff

B. Dismiss the Amended Complaint for misjoinder of party Defendants

C. Dismiss the Amended Complaint as premature for failure to register the copyright with the US Copyright Office

C. Award cost and fees, if any, to Defendants

D. Enjoin Plaintiff from filing future Complaints against non-related Defendants who have not engaged in continuity of acts

Date:  12/30/11

By:  _____

Brian D. Bourgoin-Trottier, In pro per

28

**ORIGINAL** of the foregoing filed
this _3o_ day of December, 2011 with:

Clerk of the US DISTRICT COURT
401 West Washington Street
Phoenix Arizona 85003

**COPY** of the foregoing hand
Delivered this _3o_ day of December, 2011   to:

Honorable Neil V. Wake
401 West Washington Street
Suite -524
Phoenix Arizona 85003

**COPY** of the foregoing mailed
this _3o_ day of December, 2011 to:

Ryan J. Stevens, Est
Stevens Law Office, PLC
309 N. Humphreys Street
Suite 2
Flagstaff AZ 86001

By: _____

28