**STEVENS LAW OFFICE, PLC**
Ryan J. Stevens (AZ Bar No. 026378)
309 N. Humphreys Street, Ste. 2
Flagstaff, Arizona 86001
Phone: (928) 226-0165
Fax: (928) 752-8111
stevens@flagstaff-lawyer.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K-BEECH, INC., <br><br> Plaintiff. <br><br> v. <br><br> GEORGE HERNANDEZ, SHANA SHREIBER, RICHARD SAATHOFF, BRIAN TROTTIER and CATHERINE VALDEZ, <br><br> Defendants. | Case No. 2:11-cv-01604-NVW |

## PLAINTIFF'S RESPONSE TO DEFENDANT BRIAN BOURGAIN-TROTTIER FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, K-Beech, Inc. ("Plaintiff"), by and through undersigned counsel, responds to Defendant's, Brian Bourgain-Trottier the ("Defendant")'s First Request for Production of Documents ("Requests") as follows:

**STATEMENT OF WILLINGNESS TO COOPERATE**

1. Counsel for Plaintiff is prepared to discuss with Defendant the objections set forth below for the purpose of resolving any disputes that may arise over the production of documents without the need for intervention by the Court.

1

**GENERAL OBJECTIONS**

2. Plaintiff objects to the Requests propounded by Defendant because the Request for Production has been filed untimely and without leave from the Court pursuant to Rule 26(d)(1), which specifically states: "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

3. Plaintiff objects to the Requests to the extent they are vague, ambiguous, overbroad, harassing and/or unduly burdensome.

4. Plaintiff objects to the Requests to the extent they seek the production of documents that contain attorney-client privileged material.

5. Plaintiff objects to the Requests to the extent that they call for the production of documents that are neither relevant to the action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to the fact that many of the requests do not contain an applicable time frame and are therefore ambiguous and overbroad.

7. Plaintiff objects to the requests to the extent they call for the disclosure of documents that are protected because the documents contain: (1) trade secrets, (2) confidential research, and/or (3) commercial information.

**DOCUMENT REQUESTS**

**REQUEST NO.1:** Certificate of Registration for Copyright of Virgins 4 issued by US Copyright Office.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff will produce all documents in its possession, custody, or control deemed responsive to this request.

**REQUEST NO.2:**  All income statements reflecting sales of Virgins 4 from date of first publication to the date of this request.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this request on the basis that it seeks documents that contain proprietary "commercial information" within the meaning of Fed. R. Civ. P. 26(c)(1)(G).  Notwithstanding the foregoing objection, Plaintiff will produce all documents in its possession, custody, or control deemed responsive to this request provided that Defendant stipulate to entry of the Protective Order attached hereto as Exhibit A.

**REQUEST NO.3:**  All receipts for sales of Virgins 4 beginning February 1, 2011 to the date of this request.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this request on the basis that it seeks documents that contain proprietary "commercial information" within the meaning of Fed. R. Civ. P. 26(c)(1)(G).  Notwithstanding the foregoing objection, Plaintiff will produce all documents in its possession, custody, or control deemed responsive to this request

provided that Defendant stipulate to entry of the Protective Order attached hereto as Exhibit A.

**REQUEST NO.4:**  All receipts evidencing production costs for Virgins 4.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to the request seeking "[a]ll receipts evidencing the production costs for Virgins #4" because said request is meant to harass Plaintiff and does not seek information that is relevant to any issue in the case or likely to lead to the discovery of admissible information.  To explain, Plaintiff is seeking statutory damages or actual damages.  Regarding actual damages, the calculation is based on lost sales to the infringers.  The production cost to create movies does not bear on the issue of how many lost sales were caused by the infringement; nor does the production cost bear on the price of the movie, which is a fixed amount.

**REQUEST NO. 5:**  Legal service Agreement covering this litigation.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to the request seeking "[l]egal service Agreement covering this litigation" because the documents contain attorney-client privileged material, confidential trade secrets, and proprietary information and the production of these documents is not relevant to the action nor reasonably calculated to lead to the discovery of admissible evidence.

4

**REQUEST NO.6:** Federal Income Tax Fillings for tax years 2010 and 2011.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to the request seeking "Federal Income Tax Filings for tax years 2010 and 2011" because it is overbroad as Plaintiff's tax returns reflect the aggregate of all videos and sales and are not limited to the video in its claim.  Additionally, Plaintiff objects to this request on the basis that is contains confidential and proprietary information within the meaning of Fed. R. Civ. P. 26(c)(7).

**REQUEST NO.7:** All documents containing information upon which you base your claim for damages including lost profits, sale erosion and financial depletion arising from the allegations contained in the Amended Complaint.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff will produce all documents in its possession, custody, and control deemed responsive to this request.  Notwithstanding the foregoing, Plaintiff is continuing to acquire documents and reserves the right to supplement its production of documents.

**REQUEST NO. 8:**   All electronic data supporting the allegations in the Amended Complaint.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the request seeking "[a]ll electronic data supporting the allegations in the Amended Complaint" because it is not stated to the requisite degree of specificity required under the Fed. R. Civ. P.  Plaintiff further objects on

the basis that the request is meant to annoy, oppress, and unduly burden Plaintiff. Additionally, Plaintiff objects on the basis that many of the requested documents contain confidential and proprietary commercial information and attorney-client privileged material.  Plaintiff further objects to this request on the basis that it is vague, ambiguous, not stated with the requisite degree of specificity required by the Federal Rules of Civil Procedure, and calls for a set of documents the culling and production of which would necessarily disclose the mental impressions and opinions of Plaintiff's counsel.  Specifically, the statement "supporting the allegations" is too vague to be intelligently responded to without disclosing the mental impressions of Plaintiff's counsel, and therefore any set of documents culled in responsive to this vague request would disclose the mental impressions of Plaintiff's counsel.

**REQUEST NO. 9:** All electronic data evidencing internet traffic to websites, shopping carts upon which Virgins 4 is listed for sale.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the request "[a]ll electronic data evidencing internet traffic to websites, shopping carts upon which Virgins 4 is listed for sale" because it is not stated to the requisite degree of specificity required under the Fed. R. Civ. P.  Plaintiff further objects on the basis that the request is meant to annoy, oppress, and unduly burden Plaintiff.  Additionally, Plaintiff objects on the basis that many of the requisite

documents would contain confidential and proprietary commercial information, including the identity of the Plaintiff's customers.

**REQUEST NO. 10:** All contracts existing with media distributors. Video stores, book stores, movie theaters and retail stores and outlets which enable commercial entities to sell, distribute, lease, rent or otherwise display Virgins #4 to the public.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this request on the basis that the requested documents contain confidential and proprietary information within the meaning of Fed. R. Civ. P. 26(c)(7). Notwithstanding the foregoing objection, Plaintiff will produce all documents in its possession, custody, or control deemed responsive to this request if Defendant stipulates to entry of the Protective Order attached hereto as Exhibit A.

    Plaintiff reserves its right to amend this Response to the Request for Production up to the time of trial.

    DATED this 30th day of January, 2012.

                                  Respectfully submitted,

                                  /s/ Ryan J. Stevens
                                  Ryan J. Stevens
                                  AZ Bar No. 026378
                                  STEVENS LAW OFFICE, PLC
                                  309 N. Humphreys Street, Suite 2
                                  Flagstaff, Arizona 86001
                                  Telephone: (928) 226-0165
                                  Facsimile: (928) 752-8111
                                  Email: stevens@flagstaff-lawyer.com
                                  *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30th, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, and a copy was sent via certified mail to Brian Trottier, 10711 E Bramble Ave., Mesa, AZ 85208.

/s/ Ryan J. Stevens
Ryan J. Stevens